I didn't know a criminal tax case would draw such a big crowd today. Well, you never know. You brought this appeal to bring the parties and the district court back to the original intent of the parties. And I believe the original intent of the district court, and that is to effectuate the provision in the plea agreement accepted by the court and the sentence imposed by the district court that Mr. Sampson and the IRS would work out his civil tax liability in other proceedings, in another form. If you look at the excerpts, and the government provided a very comprehensive excerpt of the prior proceedings before the first appeal, and our excerpts which have the second proceedings, there is a common theme that runs through those excerpts. And the theme is that it was contemplated by everybody through the drafting of the plea agreement, at the plea colloquy, and at the initial sentencing, that Mr. Sampson's civil tax liability would be worked out between him and the IRS in another form. In fact, the plea agreement goes so far as to leave the amount of the factual basis in the plea agreement, goes so far as to leave the amount of the taxes due and owing and the underreported income open. Can I ask you a question about, I'm just on the plea agreement, on page 3 of the plea agreement, under the heading penalties and restitution, oddly, and restitution is in brackets, I'm not quite sure what that means. Paragraph 5 says the court may order the defendant to pay additional taxes, interest and penalties that the defendant owes. What's the significance of that? Because that's under the penalties and restitution. I understand you would argue that it's under the next heading, civil tax liability, that this $36,000 comes. But what do I do with that language in the earlier section? I'm not quite sure what that means. I don't think it means restitution. What I'm guessing is perhaps the government can correct me because the government drafted the agreement and I wasn't counsel at the first negotiation session. I'm guessing that that may mean penalties that would go along with the taxes. Normally in a civil tax case, you've got the actual tax that's due and owing. But it doesn't just say penalties. It says the court may order the defendant to pay any additional taxes, interest and penalties. And additional to what? I don't understand that either. I don't understand that either, Your Honor. I think if the court goes back and reads the plea colloquy with the district court, it seemed pretty clear that everybody contemplated that the matter of what was due to the IRS would be taken up in a separate proceeding with the IRS. Well, that seemed to me actually less than clear because it seems like it's going to be taken up separately, but then everybody, including the defense counsel, keeps talking about restitution all as part of that same conversation. Well, Your Honor, I think that what brings us here today is an unfortunate chain of events, two things that happened. One thing is that the district court used the term restitution. That's the first unfortunate thing that happened. And that's what probably prompted the first appeal by first counsel is that it's a term of art now, given the Victim and Witness Protection Act and the Mandatory Restitution Act. It's very much a term of art. It wasn't before. And I think it was really a misstatement by the district court in calling the civil tax liability a restitution order. It's not under the restitution act. Wasn't that cured on remand, though, when the court of appeals sent it back for determination of the tax liability and the tax due? Well, it was. That was the second chain of event, actually, Your Honor, was the way this court, no offense, dealt with the first appeal, because the first issue that was raised was this shouldn't have been called a restitution order under the Victim and Witness Protection Act. Well, it's clear, whatever it was called, it was supposed to make the IRS whole for whatever the tax deficiency was, whether it be tax due, penalties, interest, or whatever. Isn't that what was meant by the district court was supposed to do on remand? Well, Your Honor, yes. How else can you read it? It was supposed to do that on remand, but that's really not what was contemplated by the parties, and that's why we're here is because what was contemplated by the parties and what was put in the plea agreement and what the district court told the defendant at the plea and at sentencing was that he would have an opportunity as part of this proceeding to go with the IRS to another proceeding, whether it be tax court or U.S. district court or administrative proceeding, to work this out. That's what was supposed to happen. Yes, but the defendant acknowledged what his tax deficiency was, did he not? He did not, Your Honor. What he did was he agreed in the plea agreement for purposes of calculating the sentencing guidelines what the total gross income was for the year and what a 28 percent of that would be under the sentencing guidelines. I don't read the plea agreement. I don't think the government would read the plea agreement in that fashion. How can you read it that that was just a figure for purposes of guideline sentencing? Your Honor, it says that in the plea agreement and at the sentencing at government excerpts of record 223, the district court says, I understand the U.S. sentencing guidelines. I assume the arbitrary percentage. That is not necessarily the amount of tax that is going to be due. That's what the district court said at the sentencing. So it was clearly contemplated by everybody that this would be something that would be worked out separately in another forum and would not be part of what was going to be ordered by this court. It's not, it may seem a matter of semantics. But on remand, on remand, what did we remand it for in your opinion? I think this court mistakenly remanded it to go back to the district court and have the district court make that determination rather than the IRS and administrative proceedings. Why would the district court have to make that determination when the defendant acknowledged what his taxable income was? He didn't, Your Honor. He didn't acknowledge it. He acknowledged it solely for purposes of calculating the guidelines because they had to reach an offense level. And everyone in the courtroom acknowledged that that was the sole purpose for the calculation of the tax, the 28 percent. So your position is that he acknowledged it for guideline sentencing but not for tax liability. Yes, Your Honor. Wouldn't that be an admission that would be equally as plausible for tax purposes? I don't think so, Your Honor, because it was specifically limited in the plea agreement and at the plea colloquy and at the sentencing that it was solely there for purposes of calculating the guidelines. And if you read the factual basis of the plea, there is never an admission by the defendant about how much is due in owing. It's all left very vague. You underreported your income, right? Yes, he says. You owe some tax, don't you? Yes, Your Honor. That was the extent of the factual basis. Let me ask you this. Assume for the moment that $36,000 in change is the right amount, just assuming for the purpose of my question. You still have an argument in that you would much prefer that that be a civil tax liability rather than restitution as part of the order. So it does matter what we call it. It does matter. That's why we're here. That's the only reason we're here. That's the centerpiece of your argument. Yes, Your Honor. That's the only reason we're here, is that it matters what you call it. Because he's already agreed to pay it, whatever it is. But he'd much prefer to have it be a civil tax liability than be part of the restitution order.  Yes. Okay. On that, I'll submit, Your Honor. Good morning, Your Honor. Alka Sager for the United States. Your Honor, in this case, it was the defendant who affirmatively sought and agreed to the restitution order that he now challenges. In his initial appeal, the defendant raised the identical issue that he raises in this appeal, that the court was not authorized to order restitution at all in this case. And the government countered in the initial appeal that restitution was authorized because it was contemplated in the plea agreement and it was authorized under 18 United States Code, Section 366383. This court remanded... Is that what Judge Huff thought? There are numerous references in the change of plea hearing to the fact that the district court understood that it was ordering the defendant to pay restitution. But at the defendant's request, the district court was not fixing the amount of restitution because defendant was requesting that he be given an opportunity to work out that amount with the IRS. In effect, the defendant wanted it both ways. He knew that he had to face the restitution order as part of the plea agreement. Now, how did he know that? It was in the plea agreement. Where in the plea agreement? The plea agreement under the penalties and restitution section specifically uses the word restitution. Yeah. And at the end of the plea agreement, this isn't referenced in the defendant's excerpt because one page of the plea agreement was left out. But in the pre-sentence report, which has been filed by the defendant, there is reference to the fact that in the plea agreement that the defendant reserved the right to appeal the amount in terms of any restitution order. Let me come back to what you just said. You're arguing, let me make sure I understand it precisely. Where in the plea agreement does the defendant agree to the restitution? Paragraph 8, which is entitled penalties and restitution. It's in the plea agreement, that's for sure. But I want to go, let's look at the plea agreement itself. I'm sorry, Your Honor. It's paragraph 4. It's in the defendant's excerpt of page 5. Penalties and restitution. That's paragraph 5. But your brief argues paragraph 8. This is the first time I've heard you argue paragraph 5. In paragraph 5, the defendant is agreeing that the, is acknowledging that the court can order him to pay restitution, that that's one of the consequences of the penalty. Yeah, why doesn't your brief argue paragraph 5? Your brief argues paragraph 8. And under paragraph 8, under the civil tax liability section, the plea agreement provides that the defendant has an obligation to work out his tax liability with the IRS. And this was something the defendant said. Yeah, yeah, yeah. But I want to hang on to this. If it's paragraph 8, it's civil tax liability because that's the heading. That's right. So you can't rely on paragraph 8, I think, for your restitution argument. Isn't that right? That's correct. Well, then how does all this methodology that you've relied on and the district court has relied on, where does that come from? The only place it comes from is paragraph 8. And paragraph 5, clearly the defendant was on notice that the court was going to order him to pay restitution. Now, do you agree with me that your brief doesn't argue paragraph 5? Your Honor, the brief may not refer to paragraph 5, but it does. No, it refers specifically and only to paragraph 8. That may be correct. But, Your Honor, the brief also refers repeatedly to what took place at the change of plea hearing. And there are many references to the term restitution. Yes, that's right. The district court makes it very clear to the defendant that he will be ordered to pay restitution. That restitution is what? His civil liability, penalties, interest, and so forth? The district court makes it clear that it's his understanding, pursuant to the defendant's request, that he's going to order restitution to be paid, but that the IRS would work it out with him. And on remand, we said that he's going to pay restitution, but the district court has to order the amount. Because the defendant appealed the fact that the district court did exactly what he asked. Delegated it to the IRS. All right, now, on remand, your position is that what? The restitution is what he agreed to, his tax liability. That's right. He agreed to pay his tax liability. Now, it is through no fault of the government that the defendant didn't seize upon the opportunity to work out some sort of agreement with the IRS. How do you answer the appellant's position that he agreed to the tax liability for guideline sentencing purposes, but not for the purposes of restitution? Although he said in the plea agreement he's going to make restitution, and we ordered the district court to call the figure to make for restitution, his position is that, look, that restitution had nothing to do with tax liability. It only had to do with the sentencing. There is nothing in the factual basis that fixes the amount of tax due, and it's true that the sentencing guideline offense level was based on what the defendant agreed was his unreported income. When this matter was remanded to the district court, the government provided the court and the defendant with its calculations and all of its documentation as to how it came up with the amount of tax due. The defendant did not submit any documentation or any argument to support a different tax due figure. And that figure was what he agreed to in the plea agreement. The amount of tax that the defendant was ordered to pay was a mathematical computation of the tax due based on the unreported income figure that he had agreed to. And the defendant is now opening up a whole can of worms by asking this court to order that he be given all of the underlying documentation regarding his unreported income figure so that he can relitigate. Assume for the moment that the $36,000 and change number is right. Why do you care that it be restitution rather than a civil tax liability? Because that was the order. No, I'm asking not because in the sense of what the legal basis is. I'm asking you, why do you care? As a practical matter. As a practical matter. If the court orders the defendant to pay restitution as opposed to just work out his civil tax liability. Assuming that the number of $36,000 is the number, so that stays constant. And the only thing that changes is the label from restitution to civil tax liability. Why do you care? It's a penalty that the defendant, it's an obligation that the defendant has to pay by virtue of his plea agreement. If during the period of supervised release the defendant does not make that payment, does not make a bona fide effort to make that payment, then the defendant, if he's unable to pay, can ask for a remittitor or he can ask for an extension of time. But it is an obligation that he needs to meet as part of the plea agreement. Or he can go back to jail. Or he can go back to jail if he concealed assets, did not make a bona fide effort to pay the amount of restitution. Well, you've got a hammer, in other words, if it's restitution, which you don't have if it's a civil penalty. Precisely. The defendant has had ample opportunity to work this out with the IRS, refuses to do so, and now comes to this court for the second time raising an issue that has been previously litigated and will do. If it's a civil penalty, is there any way he can get out of it? Absolutely. He can simply refuse to pay it. And the only recourse that the IRS has is to put liens on his property, which it appears that there are already liens from other tax obligations that he owes. And I want to emphasize that. And if he doesn't make restitution, what can the IRS do? The IRS still has the ability to pursue him for civil liabilities. Another action. Another action. But if it's restitution, and you could prove that he has the ability to pay it but does not pay it, it's a violation of the plea agreement. Right. And it's a significant hammer. And if it's restitution and he doesn't have the ability to pay it, he can come back into court and ask for a remediator, right? If he honestly doesn't have the ability. Well, that's what I said. That's correct. So actually the IRS has got greater protection under the civil liability. Well, again, it depends on the defendant's financial situation. They can only attach assets to the extent that their assets are there to attach. Let's say there's, you know, at the time he has, you know, no ability to pay. And he comes back into court and the court reduces the amount down to $500. All right? Right. And then he comes up with the $500. And he borrows it. And then is he clear of any civil tax liability? Under those circumstances, I think the IRS would still have the tax, the ability to proceed against the defendant civilly, but they likely would just close their case. I mean, even though the court had lowered the amount of restitution? The IRS is not. $500. But as a practical matter, the IRS is not going to pursue a $36,000 tax due. Let's say a year after he pays it off, he wins a lot of money in the lottery. Now he's got money. The year after he pays the $500. Six months after, whatever. If the IRS closed its case, then they would be foreclosed from ever receiving, ever going after the defendant. Well, you just told me a minute ago that the IRS could come after him. As long as their case was still open, they could. Why would they close their case? As a practical matter, once the defendant has paid his restitution as ordered by the district court, the IRS is not going to institute a separate civil proceeding against the defendant, unless there's some reason to believe that the defendant has some assets out there that he used. Well, but let's say that the next day he wins the lottery. Well, then it would be a question of timing, Your Honor, whether or not the IRS had closed its case. Everything in life is timing. That's right. But so if he were broke one day and borrowed $500 and paid off the restitution, the IRS would close its books, and if he won the lottery the next day, he wouldn't have to worry about paying the IRS whatever the amount was. That's correct. I don't understand what you mean by the IRS closing its books. Wouldn't it be a statute of limitations question? They might have administratively decided to close, but all of a sudden he gets some money, they'll reopen as soon as the statute of limitations is going to allow them to do it. I don't get it. There is a statute of limitations. It's my understanding when there's a criminal case, then that statute is told. No, no, but we're asking about civil liability, not criminal liability. The hypothesis is he pays his $500, and that, in terms of restitution, is enough, and so he's discharged criminally. The question is the remaining civil tax liability. And so long as the statute of limitations allows the IRS to go after him, it makes no difference whether they've administratively closed it in the interim. They can reopen, can't they? That's right. What do you mean when you say close the case? That they have administratively closed the case and determined that he has fulfilled his tax obligation by paying the $500. If the IRS accepts the $500 figure that the district court fixes as the amount due, then they have effectively compromised his tax bill. Oh, no, no, no. The IRS is not bound unless they sign. If they accept the $500, they sign a closing statement with him. As long as the statute is open, the amount of restitution he pays has nothing to do with the civil tax liability. He can still accept that if he hits a lottery, then he gets a credit for what he paid in restitution. But as long as they close their the IRS is not a party to this matter before us. They're not. So they're not bound by anything that happens here. But what you're saying, in effect, is if he borrows $500, maybe the IRS will, if he borrows it, sign a closing statement with him in which there would be no more liability. But unless they sign that, they can sue him any time. That's right. I've got one last question. And I apologize because we're keeping you over time. And that is, what if we decide that the earlier panel in this case made a mistake? That is to say, it's possible to read our earlier panel decision as having ordered a remand in order to determine the amount and to have that be restitution. What if we think that they actually misread the plea bargain and that, in fact, this amount, to the extent that it's owed at all, comes under Paragraph 8 and that is civil tax liability? What then? Can we do that? We say, well, listen, we fouled it up. Your Honor, there's no basis for finding that the earlier panel misread. No, no. But my premise, my question is, we disagree with the earlier panel. What then? I understand you think there's no basis. But assuming, to the contrary, for just a moment, can we do that? I think this Court is bound by the law of the case. Have you argued law of the case previously? No, Your Honor, I haven't. Okay. Thank you. Any rebuttal? Your Honor, just two things. First is the government drafted the plea agreement. And there is one place in the plea agreement that has the term restitution, and that's in a bracketed title. It doesn't seem to apply when you look at the text that comes underneath it, particularly Paragraph 5, which doesn't have the word restitution in it. Second thing, Your Honor, is that my client bargained for one entity to decide how much he owed, and that was the IRS. I guess the flip side of the question is, what if he now goes to the IRS and tries to negotiate this? Is he now bound by what the district court ordered, the $36,000, that really wasn't what was contemplated by the parties? No, he can do anything he wants with the IRS. They're not a party to this proceeding. They aren't, Your Honor, but what if he negotiates with the IRS and comes back and they say you owe $15,000? What happens to the restitution order? He's got to pay the additional $36,000? He could come into court and ask for a reconsideration of the restitution order because he's paid his tax liability civilly. Well, that's the problem with the case, Your Honor. We really brought the appeal to get the parties back to the intent of everyone, including the government, who drafted this agreement the way it did. And that's what we would ask this Court to do. What do we do with the law of the case argument? Your Honor, I'm not so sure it's law of the case if the Court finds it was error. Our own error? Yeah, your own error. You can correct your own error. Okay. Thank you. The matter will be submitted. We'll call the next matter on the calendar, U.S. v. Jeannette Wang. Morning, Your Honor.
judges: Pregerson, Cowen, W. Fletcher